951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George W. MONK, individually and as administrator of the
Estate of Louise N. Monk, Plaintiffs-Appellants,
v.
Rose Marie TEETER; Ernest Lopez; David Singleton; Susan
Mauriello; Jean Morse, individually and as employees of
Department of Social Services of the County of Santa Cruz;
County of Santa Cruz, a political subdivision of the State
of California; State of California, a political entity,
Linda McMahon, Director of the State Department of Social
Services, an agency of the state of California; Jesse R.
Huff, Director of the State Department of Finance, et al.,
Defendants-Appellees.
 No. 89-16333.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1991.*
Decided Jan. 8, 1992.
 
 MEMORANDUM**
 Before POOLE, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 George W. Monk ("Monk"), acting pro se, appeals the district court's order granting summary judgment against him in his civil rights action alleging that the County of Santa Cruz and its employees unlawfully disclosed his social services file and his deceased wife's state social services file, denied him access to his wife's file, and then destroyed her file before he could obtain access to it. Monk further appeals the district court's denial of his request for reconsideration based on his failure to pay a $500.00 sanction which had been made a condition precedent to reconsideration. We affirm in part, reverse in part, and remand.
 
 BACKGROUND
 
 2
 Monk filed an action seeking damages under 42 U.S.C. §§ 1981-1988. He alleged that the County of Santa Cruz and its employees (collectively referred to as "County") unlawfully released confidential information in the form of his social services file and that of his deceased spouse, Louise N. Monk. The information was allegedly supplied to the Social Security Administration in connection with Monk's Title II benefits, and resulted in the termination of those benefits. The disclosures apparently occurred between 1977 and 1979. Monk's benefits were eventually reinstated.
 
 
 3
 In 1979, Monk sought access to his deceased spouse's county social services file. Access was denied to him on the ground that he was not a person entitled to access to the records. Monk eventually abandoned his request when assured that he could renew it in the future. In 1983, Monk was named administrator of his wife's estate,[1] and he again sought access to her social services file. Monk was again denied access to the file, this time on the ground that the file was destroyed pursuant to state law in 1981. He claims that he was improperly denied access and that the file was improperly destroyed.
 
 
 4
 The County brought a motion for summary judgment. Prior to the date scheduled for the summary judgment hearing, the district court granted the County's motion because Monk had failed to file an opposition to the motion fourteen days prior to the scheduled hearing date as required by N.D.Cal.Civ.R. 220-3 (1992). In its order granting summary judgment, the district court stated that "plaintiffs may move for reconsideration upon payment of sanctions in the amount of $500.00." This order was made "[i]n accordance with the [court's] standing order" published in a San Francisco newspaper.
 
 
 5
 Monk filed a timely appeal from the judgment. He also sought reconsideration under Fed.R.Civ.P. 60(a) and 60(b)(1) and (6). In his motion for reconsideration, Monk argued that his failure to file opposition papers in a timely manner was excusable. He also sought reconsideration despite his asserted inability to pay the $500.00 sanction ordered by the district court. He requested that no sanctions be imposed or that he be permitted to pay them in $50.00 monthly installments. The district court denied the motion for reconsideration on the stated grounds that Monk had failed to pay the required sanctions. Monk filed a timely notice of appeal from that denial.
 
 DISCUSSION
 
 6
 Distilled to its essence, Monk's complaint asserted the following claims: (1) Louise Monk's county social services file was improperly released to the Social Security Administration, resulting in the wrongful termination of his Title II benefits; (2) His file was also released with the same result; (3) He was improperly refused access to Mrs. Monk's county social services file; (4) Mrs. Monk's county social services file was improperly destroyed; (5) He is entitled to damages and an injunction under Bivens v. Six Unknown Named Agents of Fed.Bur. of Narc., 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).
 
 
 7
 (1) Release of Louise Monk's file.
 
 
 8
 The district court properly granted summary judgment as to the claims premised on the release of the social services file of Louise Monk. The claimed releases occurred long after the death of Mrs. Monk. The right to privacy does not survive one's death. United States v. Schlette, 842 F.2d 1574, 1581 (9th Cir.), amended, 854 F.2d 359 (9th Cir.1988). Mr. Monk has no standing to assert a violation of another person's right to privacy. See id. (privacy interests are personal to the person whose records are at issue).
 
 
 9
 (2) Release of George Monk's file.
 
 
 10
 Monk has no claim against the County or its employees under the Privacy Act, 5 U.S.C. § 552a, because that Act applies only to federal agencies, not state or local agencies. St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369, 1373 (9th Cir.1981).
 
 
 11
 However, contrary to the argument advanced by the County, the alleged disclosure of Monk's own county file to the Social Security Administration in connection with his Title II benefits was not authorized by any federal statute or regulation or by any state statute.[2] The regulation cited by the County, 45 C.F.R. § 205.50(a)(1)(i)(A), provides that a state must prevent disclosure of information about social services recipients except in connection with various titles of the Social Security Act. Title II is not listed as one under which disclosure or use is permitted. Also, Cal.Welf. & Inst.Code § 10850 (West 1991) does not permit disclosure of the information to the Social Security Administration in connection with a non-need based program.
 
 
 12
 Monk's complaint alleged that his file contains medical information and other "sensitive, private and personal and privileged matters including psychological records and material." The County did not submit any evidence that Monk's social services file did not contain that information, nor did it submit evidence that Monk's file was not released to the Social Security Administration or other persons as he alleges. The County also failed to offer any evidence or valid legal argument on the issue of the propriety of the release of Monk's own file. The district court did not address the issue of whether Monk would have a valid constitutional claim if the statutes relied upon by the County did not authorize the alleged release.[3] On the record before us, summary judgment on this issue was inappropriate. Thus the judgment must be reversed on Monk's section 1983 claim with respect to the release of his own social services file.
 
 
 13
 (3) Denial of access to Louise Monk's file.
 
 
 14
 Monk complains that he was denied access to Louise Monk's social services file in 1979. The record demonstrates that Monk voluntarily withdrew his request for a hearing on that denial in December 1979. Monk filed his complaint in May 1984, almost four and one-half years later. Monk's cause of action, if any, accrued in 1979, when the applicable statute of limitations was three years.[4] Bradshaw v. Zoological Soc'y, 569 F.2d 1066, 1068 (9th Cir.1978). Thus, his action was filed too late.
 
 
 15
 (4) Destruction of Louise Monk's file.
 
 
 16
 The County offered evidence demonstrating that Louise Monk's file was retained beyond the three years required by statute. See Cal.Welf. & Inst.Code § 10851 (West 1991). Monk did not show that the file should have been retained even longer. The district court did not err in granting summary judgment on this claim.
 
 
 17
 (5) The Bivens claim.
 
 
 18
 There is no Bivens action against the County or its employees. Molina v. Richardson, 578 F.2d 846, 848-54 (9th Cir.), cert. denied, 439 U.S. 1048, 99 S.Ct. 724, 58 L.Ed.2d 707 (1978). See also, Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 735, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989) (applying same reasoning to § 1981 claims). The district court did not err in granting summary judgment on this claim.
 
 
 19
 Because we must reverse the summary judgment with respect to Monk's section 1983 claim regarding his own social services file and we have found that his remaining claims have no merit, we need not decide the propriety of the district court's denial of the motion for reconsideration.[5]
 
 CONCLUSION
 
 20
 The district court's order granting summary judgment is affirmed in all respects[6], other than Monk's claim that his personal file was disclosed in violation of his constitutional right to privacy. Since the County failed to offer any evidence as to Monk's own file and it is not clear on this record that Monk's section 1983 claim with respect to that file is without merit, summary judgment was inappropriate on that issue. The parties shall bear their own costs on appeal.
 
 
 21
 AFFIRMED IN PART, REVERSED IN PART, and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Mrs. Monk died in 1973. One of her children was initially named as administratrix. Monk was appointed as a replacement, apparently because no accounting was filed and no distribution of the estate occurred
 
 
 [2]
 The County acknowledges, in response to Monk's motion to strike, that 45 C.F.R. § 205.55 which authorizes--indeed mandates--release of certain information to the Social Security Administration for "purposes of establishing or verifying eligibility or benefit amounts under Title II," was not in effect at the time of the alleged disclosures. That regulation did not go into effect until 1986
 
 
 [3]
 The County has not argued to this court that Monk has no such claim and we do not express any opinion on the merits of any such claim under the facts of this case as they may ultimately be developed
 
 
 [4]
 We recognize that the statute of limitations is now different. Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). That does not affect this case. See Usher v. City of Los Angeles, 828 F.2d 556 (9th Cir.1987)
 
 
 [5]
 However, we do find it was inappropriate to deny Monk an opportunity to explain his failure to file opposition papers in a timely fashion. In general, "[s]anctions under local court rules should not be imposed absent notice, an opportunity to respond, and a hearing." Kirshner v. Uniden Corp., 842 F.2d 1074, 1082 (9th Cir.1988) (citing Miranda v. Southern Pac. Transp. Co., 710 F.2d 516, 522 (9th Cir.1983)). The district court cannot evade those requirements by imposing contingent sanctions, whether by reference to standing orders or otherwise, and denying all opportunity to contest those sanctions unless they are first paid
 
 
 [6]
 We have briefly discussed the major issues. We have also considered the other issues raised by Monk, e.g., his library access claim, and find them to be without merit