13-2536-cv
Warren v. Colvin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2013

(Submitted: March 5, 2014     Decided: March 12, 2014)

Docket No. 13-2536-cv

GREGORY WARREN,

*Plaintiff - Appellant*,

— v. —

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, in her individual and official capacities, SHERYLL ZIPORKIN, Associate Commissioner of Social Security Administration, in her individual and official capacities, Social Security Administration,

*Defendants - Appellees*.[*]

B e f o r e:

PARKER, LYNCH, and DRONEY, *Circuit Judges*.

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

———————————

Plaintiff-appellant Gregory Warren appeals from a judgment entered in the United States District Court for the Northen District of New York (Thomas J. McAvoy, *Senior Judge*) dismissing his claim for damages and litigation fees under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Freedom of Information Act, 5 U.S.C. § 552. Because the Privacy Act guarantees access only to an individual's own records and does not require federal agencies to provide information pertaining to a requesting individual that is contained in another individual's records, we AFFIRM the district court's dismissal of Warren's claim for damages under the Privacy Act. Because FOIA, as amended, allows for fee shifting where a federal agency voluntarily complies with a requested disclosure following the filing of a FOIA lawsuit, we VACATE that portion of the district court's judgment denying Warren's request for litigation costs, and REMAND the case to the district court with instruction to award those costs.

AFFIRMED IN PART AND VACATED AND REMANDED IN PART.

———————————

Gregory Warren, *pro se*, Bronx, New York.

Paula Ryan Conan, Assistant United States Attorney (William F. Larkin, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

———————————

PER CURIAM:

Plaintiff-appellant Gregory Warren appeals from a judgment entered in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Senior Judge*) dismissing his claim for damages and litigation fees under the Privacy Act of 1974, 5 U.S.C. § 552a, and the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Because the Privacy Act guarantees access only to an individual's own records and does not require federal agencies to provide information that pertains to a requesting individual, but is contained in another individual's records, we AFFIRM the district court's dismissal of Warren's claim for damages under the Privacy Act. Because FOIA, as amended, allows for fee shifting where, as here, a federal agency voluntarily complies with a requested disclosure following the filing of a FOIA lawsuit, we VACATE that portion of the district court's judgment denying Warren's request for litigation costs, and

3

REMAND the case to the district court with instructions to award Warren $350 in litigation costs.

## BACKGROUND

Beginning in January 2008, Warren repeatedly sought to obtain records from the Social Security Administration ("SSA") related to his late father's disability status. Warren wanted the records to support his effort to obtain the proceeds of his father's life insurance policy. In January 2012, following a series of nonresponsive communications from the SSA, Warren commenced this action, *pro se*.[1] The complaint alleged that the failure to provide the requested records violated FOIA and the Privacy Act. Warren sought injunctive relief to compel the release of the records, compensatory and punitive damages, and reimbursement of litigation fees under both statutes.[2]

---

[1] On the day that he filed this suit, Warren also sought leave to proceed *in forma pauperis*. Although the motion was granted, Warren, who was then incarcerated at the Mohawk Correctional Facility, paid the $350 filing fee by operation of the Prisoner Litigation Reform Act. 28 U.S.C. § 1915(b). The record reflects that the fee was withheld from his prisoner account and tendered to the district court before he was paroled in May 2012.

[2] Warren claimed damages in the amount of the estimated interest that accrued on his father's life insurance policy while the SSA refused to provide the requested records.

4

In August 2012, the SSA voluntarily provided the requested records to Warren, who consequently abandoned his request for injunctive relief.  Warren continued to seek damages and litigation fees, however, and the defendants moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss his remaining claims.  The district court granted the motion, and this timely appeal followed.

On appeal, Warren has abandoned his claims for damages under FOIA and litigation costs under the Privacy Act.  We therefore address only his remaining claims for damages under the Privacy Act and litigation costs under FOIA.

## DISCUSSION

I.      Standard of Review

We review de novo a district court's dismissal of a complaint for failure to state a claim, taking the factual allegations of the complaint to be true and drawing all reasonable inferences in the plaintiff's favor.  Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).  Further, because Warren appears *pro se*, we construe his pleadings liberally to raise the strongest arguments they suggest.  See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

II.     Right of Access under the Privacy Act

Warren argues that the district court erred in dismissing his claim for damages under the Privacy Act's right-of-access provision. We disagree.

The Privacy Act generally prohibits federal agencies from disclosing individuals' personal records "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). However, the Act's right-of-access provision requires agencies, "upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the [agency's system of records], [to] permit him . . . to review the record." 5 U.S.C. § 552a(d)(1).[3] Citing that provision, Warren claims that the SSA wrongfully withheld his father's records. Warren does not argue that his father's records constitute his own records within the meaning of the statute. Instead, he contends that the records pertained to him and that -- because his father was deceased at the time of Warren's request -- the SSA had no legitimate interest in withholding them.

_____

[3] The Act defines a "record" as any "item, collection, or grouping of information about an individual that is maintained by an agency . . . and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(4).

The relevant statutory language and interpretive guidelines issued by the Office of Management and Budget ("OMB") refute Warren's contention. The right-of-access provision's plain terms require agencies to provide only those records that are contained in an agency's system of records. "System of records" is defined as a "group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). The statutory language thus strongly suggests that agencies must provide an individual with access only to records retrievable by reference to the requesting individual's name or other identifying information.

The OMB has reached the same conclusion in guidance implementing the right-of-access provision. The Act tasks OMB with developing guidelines to help agencies implement the statute. 5 U.S.C. § 552a(v)(1). Pursuant to that authority, the OMB has advised that where "an individual is named in a record about someone else . . . and the agency only retrieves the portion pertaining to him by reference to the other person's name . . . , the agency is not required to grant him access." Privacy Act Guidelines, 40 Fed. Reg. 28949, 28957 (1975). Our sister

7

Circuits have consistently upheld that interpretation.[4]

Warren correctly asserts that deceased individuals generally do not enjoy rights under the Privacy Act. See, e.g., Monk v. Teeter, 951 F.2d 361, at *2 (9th Cir. 1992) (mem.) ("The right to privacy does not survive one's death."). But that does not resolve the issue. The question here is not whether the Act's privacy provision prohibited the SSA from releasing the requested records, but whether the Act's right-of-access provision gave Warren a right to receive them. We join the other circuits that have addressed the issue in holding that the Act does not provide an individual with a right to demand materials pertaining to him but contained only in another individual's records.

Because Warren was not entitled to his father's records, the agency's refusal to provide such records did not violate the Privacy Act. Accordingly, the District Court properly dismissed Warren's damages claim.

---

[4] See Sussman v. U.S. Marshals Serv., 494 F.3d 1106, 1121 (D.C. Cir. 2007) (holding that the Act grants access to only those records that are "about" the requestor, "not to all information pertaining to them that happens to be contained in a system of records"); Cuccaro v. Sec'y of Labor, 770 F.2d 355, 360 (3d Cir. 1985) (citing favorably OMB guidance that "individuals only have a right of access to information keyed to the requestor's own name or identifying number or symbol"); Boyd v. Sec'y of Navy, 709 F.2d 684, 686 (11th Cir. 1983) (holding that "a record must be maintained by the agency in a group of records cued to the requestor" to be subject to mandatory disclosure).

III.    Fee Shifting under FOIA

As the government now concedes, the district court erroneously rejected Warren's claim for reimbursement of his costs. FOIA now provides for fee shifting where an agency voluntarily complies with a request for records after a FOIA lawsuit has been filed. Thus, Warren is entitled to recover the filing fee that was debited from his inmate account.

To be eligible to recover litigation costs under FOIA, a plaintiff must establish that he "substantially prevailed" in his civil action. Pietrangelo v. U.S. Army, 568 F.3d 341, 343 (2d Cir. 2009). Relying on Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), the district court reasoned that a litigant does not "substantially prevail" where a federal agency voluntarily complies with a plaintiff's requested relief.

However, Congress amended FOIA in 2007 to abrogate the Buckhannon holding, as applied to FOIA actions, and to define "substantially prevailed" to include, *inter alia*, "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii); see also Open Government Act of 2007, Pub. L. 110-175, 121 Stat. 2524 (2007). Congress

intended this amendment to prevent federal agencies from denying meritorious FOIA requests, only to voluntarily comply with a request on the eve of trial to avoid liability for litigation costs. Brayton v. Office of the U.S. Trade Representative, 641 F.3d 521, 525 (D.C. Cir. 2011). The district court correctly quoted the current FOIA language, but did not give it its intended effect.

Because FOIA now provides for the recovery of litigation costs where an agency voluntarily complies with a records request, the district court erred in denying Warren's claim for costs. Warren only seeks reimbursement of the $350 fee he paid to file this action,[5] an amount that the government concedes he may recover. We therefore remand the case to the district court with instructions to award him the costs he sought below.

## CONCLUSION

For the foregoing reasons, we AFFIRM the dismissal of appellant's claim for damages under the Privacy Act, VACATE the denial of his claim to recover costs, and REMAND the case to the district court with instructions to award costs to plaintiff in the amount of $350.

---

[5] As a *pro se* litigant, Warren has not incurred any attorney's fees and is not eligible to recover any imputed fees. See Kuzma v. U.S. Postal Serv., 725 F.2d 16, 17 (2d Cir. 1984).

10