**ALD-314, ALD-315, ALD-316, ALD-317,**        **NOT PRECEDENTIAL**
**ALD-318, ALD-319 and ALD-320**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2702, 14-2703, 14-2704, 14-2705, 14-2706, 14-2707 & 14-2708
_____

JAMES HENDRICKS,
              Appellant in 14-2702

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-13-cv-00285)
_____

ERIC SLATER,
              Appellant in 14-2703

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-13-cv-00277)
_____

ABAD ELFGEEH,
              Appellant in 14-2704

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-14-cv-00001)
_____

ALBERT RANIERI,
              Appellant in 14-2705

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-14-cv-00002)
_____

JAMES EDWARD WHITTED,
Appellant in 14-2706

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-13-cv-00278)
_____

PAUL APOSTOLOPOULOS,
Appellant in 14-2707

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-13-cv-00281)
_____

KEVIN MAHONEY,
Appellant in 14-2708

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-13-cv-00280)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action

2

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 31, 2014
Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 26, 2014)
_____

OPINION
_____

PER CURIAM

Appellants are federal inmates who are or were confined at the Federal

Correctional Institution in Loretto within the Western District of Pennsylvania. Each

appellant is serving a sentence imposed outside that district,[1] and each appellant filed a

materially identical habeas petition under 28 U.S.C. § 2241 in that district seeking

immediate release from prison. The District Court denied the petitions on April 16, 2014.

Appellants appeal, and we will affirm.[2]

Federal inmates may challenge the execution of their sentences under § 2241 in

their court of confinement, <u>see</u> <u>Burkey</u>, 556 F.3d at 146, but they generally may challenge

the legality of their sentences only under 28 U.S.C. § 2255 and must do so in the

_____

[1] Appellant Hendricks's sentence was imposed at N.D. Ind. No. 2-01-cr-00105-001. Slater's sentence was imposed at S.D. Ohio No. 1-07-cr-00155-001. Elfgeeh's sentence was imposed at E.D.N.Y. No. 1-03-cr-00133-001. Ranieri's sentence was imposed at W.D.N.Y. No. 6-02-cr-06126-001. Whitted's sentence was imposed at D.V.I. No. 3-04-cr-00176-001. Apostolopoulos's sentence was imposed at D. Md. No. 1-05-cr-00322-001. Mahoney's sentence was imposed at D. Mass. No. 1-10-cr-10389-001.

[2] A certificate of appealability not required to appeal the denial of a § 2241 petition. <u>See</u> <u>Burkey v. Marberry</u>, 556 F.3d 142, 146 (3d Cir. 2009). We thus have jurisdiction under 28 U.S.C. § 1291. Appellees have informed us that Hendricks and Mahoney have been transferred to different facilities, but that transfer has not mooted their requests for outright and immediate release from prison discussed below.

3

sentencing court, see United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013); Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 254 (3d Cir. 2008). Appellants in these cases requested immediate release from prison on the ground that their sentences are unlawful.

According to appellants, the Sentencing Reform Act of 1984 does not authorize incarceration unless the Bureau of Prisons ("BOP") provides a mechanism for requesting a reduction in sentence for non-medical reasons under 18 U.S.C. § 3582(c)(1)(A)(i).[3] Appellants further contend that the BOP failed to provide them with a "compassionate release request packet" upon request and that, when they created and submitted their own, the BOP took no action on them.

Appellants, however, do not request an order directing the BOP to process any such request or to execute their sentences differently in any other way. Instead, they claim that the BOP's alleged failure to process their requests for reduced sentences renders the sentences themselves unlawful and that "immediate release [from prison] is the only sanctioned remedy[.]" (E.g., W.D. Pa. Civ. No. 3-13-cv-00285, ECF No. 1-3 at 6.) To that end, each appellant "seeks the re-ordering of his sentence to provide that he serve his supervised release term immediately[.]" (E.g., id., ECF No. 1-1 at 4.)

The District Court properly recognized that it lacks jurisdiction to grant that

---

[3] This statute permits a sentencing court, "upon motion of the Director of the [BOP]," to reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." The BOP's regulations provide a mechanism for inmates to request that the BOP file such a motion. 28 C.F.R. §§ 571.60-571.64. Although we need not and do not reach the issue, we note the conclusion of other courts that the BOP's discretionary decision not to file a motion for a reduced sentence is not reviewable in court. See, e.g., Crowe v. United States, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting precedential decisions).

4

request, which must be addressed to the courts that imposed the sentences that appellants seek to have "re-ordered." No appellant has stated any reason why a § 2255 motion in his sentencing court might be "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), and we perceive none. Indeed, four appellants already have raised their claims in this regard before their sentencing courts.[4] We thus express no opinion on the merits of appellants' claims, though we note that appellants have not cited, and we are not aware of, any authority suggesting that their allegations state a basis for the relief they request, in their sentencing courts or any other.

For these reasons, appellees' motion for summary action is granted and we will affirm the judgments of the District Court. Appellants' pending motions in this Court are denied.

---

[4] Those appellants are Hendricks, Elfgeeh, Ranieri and Whitted, each of whom recently filed in their sentencing courts a materially identical document captioned as a "request to take judicial notice" of the claim discussed above. In Ranieri's case, for example, the sentencing court construed his notice as a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) and denied it because it was not brought by the BOP. Ranieri's appeal to the Second Circuit from that ruling apparently remains pending.