**CLD-015**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3310, 14-3327 & 14-3329
_____

THOMAS VOELZKE,
Appellant in No. 14-3310

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-14-cv-00108)
_____

ANTHONY CUCINOTTA,
Appellant in No. 14-3327

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-14-cv-00109)
_____

AARON JUDE,
Appellant in No. 14-3329

v.

PRESIDENT UNITED STATES OF AMERICA; ATTORNEY GENERAL
UNITED STATES OF AMERICA; WARDEN LORETTO FCI
(D.C. Civ. No. 3-14-cv-00114)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania

District Judge: Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2014

Before: FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 14, 2014)
_____

OPINION[*]
_____

PER CURIAM

Appellants are federal inmates confined at the Federal Correctional Institution in

Loretto within the Western District of Pennsylvania. Along with many other current and

former Loretto inmates, appellants filed petitions for writs of habeas corpus under 28

U.S.C. § 2241 seeking immediate release from prison on the ground that the Bureau of

Prisons' ("BOP") alleged failure to provide a mechanism for "non-medical" reductions in

sentences renders their continued incarceration illegal under the Sentencing Reform Act

of 1984.

We recently affirmed the District Court's denial of seven of these petitions. <u>See</u>

<u>Hendricks v. President U.S.</u>, Nos. 14-2702, 14-2703, 14-2704, 14-2705, 14-2706, 14-

2707 & 14-2708, 2014 WL 4783678, at *1 (3d Cir. Sept. 26, 2014). Appellants' petitions

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

are substantively identical except in the one respect addressed below, and they appeal from the District Court's denial of their petition as well. We will affirm.[1]

To the extent that appellants' petitions assert the same claims as those we addressed in Hendricks, we will affirm the District Court's denial of the petitions for the same reason—i.e., that appellants are required to raise their challenges under 28 U.S.C. § 2255 in their sentencing courts because a § 2255 motion is not "inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. § 2255(e).[2]

Appellants' appeals raise only one issue that requires separate discussion. In addition to proceeding under § 2241, and unlike the inmates whose petitions we addressed in Hendricks, appellants added references to the Privacy Act, 5 U.S.C. §§ 551-559, to their petitions' otherwise-identical caption and claims. Appellants argue that the Magistrate Judge did not specifically address their references to the Privacy Act, which is true, but we discern no reversible error in that regard. See 28 U.S.C. § 2111.

The Privacy Act generally restricts the ability of federal agencies to disclose individuals' personal records, and it also provides a mechanism for individuals to review their records and request that an agency correct any inaccuracies contained therein. See

---

[1] A certificate of appealability is not required to appeal the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We thus have jurisdiction under 28 U.S.C. § 1291.

[2] Unlike all the other appellants whose similar petitions we have reviewed, appellant Voelzke was convicted and sentenced in the United States District Court for the Western District of Pennsylvania. That fact is of no moment for present purposes because he is not entitled to proceed in that court under § 2241 as he attempted to do. We note that Voelzke filed a § 2255 motion in his criminal proceeding but then voluntarily withdrew it after the District Court appointed counsel and scheduled a hearing. (W.D. Pa. Crim. No. 2-10-cr-00094, ECF Nos. 75, 78 & 79.)

3

Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014); Henke v. U.S. Dep't of Commerce, 83 F.3d 1453, 1456-57 (D.C. Cir. 1996); Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992). In this case, although appellants' filings are not models of clarity, they appear to assert that the BOP is holding them in custody on the basis of inaccurate or incomplete records.

Appellants, however, have not specified how they believe their continued detention is based on any alleged inaccuracy in any of their records. Although they appear to contend that the BOP has violated the Privacy Act by inaccurately characterizing inmates' requests for non-medical sentencing reductions, they do not request an order directing the BOP to process any such request and their only specific request for relief remains release from prison. As we previously explained, that request must be raised in their sentencing courts under § 2255, not under § 2241. To the extent that appellants may have intended to assert independent claims under the Privacy Act, and to the extent that it may have been appropriate for the District Court to consider such a claim in connection with their § 2241 habeas petitions, appellants have failed to assert any discernible claim under the Privacy Act or any other discernible basis for relief.[3]

For these reasons, we will affirm the judgments of the District Court. Appellant Voelzke's motion for an extension of time to file a response on the issue of summary

---

[3] Appellants raise a number of other arguments in their various filings with this Court. They argue, for example, that the Magistrate Judge should have entered their proposed orders to show cause and required appellees to present documents under 28 U.S.C. § 2249 before addressing the merits, that they have been aggrieved by various standing orders and docketing decisions, and that they are entitled to a default judgment (and apparent release from prison) because appellees failed to contest their allegations at various stages. We have reviewed all of appellants' arguments and conclude that they lack merit for reasons that do not require discussion.

**4**

action, which we construe as a motion to file his summary action response out of time, is granted.