CLD-014                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3095
_____

TARIQ BELT,
                                    Appellant

v.

PRESIDENT UNITED STATES OF AMERICA;
ATTORNEY GENERAL UNITED STATES OF AMERICA;
WARDEN LORETTO FCI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00110)
District Judge:  Honorable Kim R. Gibson

_____

Submitted By the Clerk for Possible Dismissal Due to a Jurisdictional
Defect and on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2014

Before: FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 17, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tariq Belt is a federal prisoner serving a sentence imposed by the United States District Court for the District of Maryland. He was housed at the Federal Correctional Institution in Loretto, Pennsylvania, but has recently been transferred. Before his transfer, Belt was one of a group of Loretto inmates who filed petitions for writs of habeas corpus under 28 U.S.C. § 2241 in the district of their confinement seeking immediate release from prison on the ground that the Bureau of Prisons' ("BOP") alleged failure to provide a mechanism for "non-medical" reductions in sentences renders their continued incarceration illegal under the Sentencing Reform Act of 1984.

We recently affirmed the District Court's denial of seven of these petitions. See Hendricks v. President U.S., Nos. 14-2702, 14-2703, 14-2704, 14-2705, 14-2706, 14-2707 & 14-2708, 2014 WL 4783678, at *1 (3d Cir. Sept. 26, 2014). Belt's petition is substantively identical except in the one respect addressed below, and he appeals from the District Court's denial of his petition as well. Appellees have filed a motion for summary action pursuant to 3d Cir. LAR 27.4 (2010) and I.O.P. 10.6. We will grant their motion and affirm.[1]

---

[1] A certificate of appealability is not required to appeal the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). Belt initially appealed from the Magistrate Judge's recommendation that the District Court deny his petition, but a Magistrate Judge's recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is not an appealable decision. See Continental Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). The District Court has since adopted the recommendation and denied Belt's petition. We have not addressed in a precedential opinion whether a premature appeal from a Magistrate Judge's recommendation ripens when the District Court adopts it. Compare, e.g., Perez-Priego v. Alachua Cnty. Clerk of Ct., 148 F.3d 1272, 1273 (11th Cir. 1998) (per curiam) (holding that it does not), with Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) (addressing premature notices in other contexts). We need not consider the issue in this case because Belt timely filed a supplemental notice of appeal, as well as documents in this Court evidencing an intent to appeal, after the District Court entered its final order. Cf. Haney v. Addison, 175 F.3d 1217, 1219 (10th Cir. 1999). Belt argues that the District Court erred in denying his petition while his purported appeal from the Magistrate Judge's recommendation was pending, but Belt's premature notice of appeal did not deprive the District Court of

To the extent that Belt's petition asserts the same claims as those we addressed in Hendricks, we will affirm the District Court's denial of the petition for the same reason— i.e., that Belt is required to raise his challenge under 28 U.S.C. § 2255 in his sentencing court because a § 2255 motion is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Belt's appeal raises only one issue that requires separate discussion. In addition to proceeding under § 2241, and unlike the inmates whose petitions we addressed in Hendricks, Belt added references to the Privacy Act, 5 U.S.C. §§ 551-559, to his petition's otherwise-identical caption and claims. Belt argues that the Magistrate Judge did not specifically address his references to the Privacy Act, which is true, but we discern no reversible error in that regard. See 28 U.S.C. § 2111.

The Privacy Act generally restricts the ability of federal agencies to disclose individuals' personal records, and it also provides a mechanism for individuals to review their records and request that an agency correct any inaccuracies contained therein. See Warren v. Colvin, 744 F.3d 841, 843 (2d Cir. 2014); Henke v. U.S. Dep't of Commerce, 83 F.3d 1453, 1456-57 (D.C. Cir. 1996); Quinn v. Stone, 978 F.2d 126, 131 (3d Cir. 1992). In this case, although Belt's filings are not models of clarity, he appears to assert that the BOP is holding him in custody on the basis of inaccurate or incomplete records.

---

jurisdiction. See Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985). We thus have jurisdiction under 28 U.S.C. § 1291.

3

Belt, however, has not specified how he believes his continued detention is based on any alleged inaccuracy in any of his records. Although Belt appears to contend that the BOP has violated the Privacy Act by inaccurately characterizing inmates' requests for non-medical sentencing reductions, he does not request an order directing the BOP to process any such request and his only specific request for relief remains release from prison. As we previously explained, that request must be addressed to his sentencing court under § 2255, not to his (now former) court of confinement under § 2241. To the extent that Belt may have intended to assert an independent claim under the Privacy Act, and to the extent that it may have been appropriate for the District Court to consider such a claim in connection with his § 2241 habeas petition, Belt has failed to assert any discernible claim under the Privacy Act or any other discernible basis for relief.[2]

For these reasons, we will affirm the judgment of the District Court. Belt's motions pending in this Court are denied.

---

[2] Belt raises a number of other arguments in his various filings with this Court. He argues, for example, that the Magistrate Judge should have entered his proposed order to show cause and required appellees to present documents under 28 U.S.C. § 2249 before addressing the merits, that he has been aggrieved by various standing orders and docketing decisions, and that he is entitled to a default judgment (and apparent release from prison) because appellees failed to contest his allegations at various stages. We have reviewed all of Belt's arguments and conclude that they lack merit for reasons that do not require discussion.

4