**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-2822 & 14-4159
_____

HENRY ANTOINE SAUNDERS,
                                        Appellant

v.

PRESIDENT UNITED STATES OF AMERICA;
ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
WARDEN LORETTO FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-14-cv-00072)
District Judge:  Honorable Kim R. Gibson
_____

Submitted By the Clerk for Possible Dismissal Due to a
Jurisdictional Defect (C.A. No. 14-2822 only) and for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 11, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Filed: January 6, 2015)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Henry Antoine Saunders is a federal prisoner serving a sentence imposed by the United States District Court for the District of Maryland. He is presently incarcerated at the Federal Correctional Institution in Loretto, Pennsylvania. Saunders is one of at least twelve Loretto inmates who have filed virtually identical habeas petitions under 28 U.S.C. § 2241 in the district of their confinement. Like those other inmates, Saunders argues that the Bureau of Prisons ("BOP") has failed to provide a mechanism for "non-medical" reductions in sentences and that, under the Sentencing Reform Act of 1984, its alleged failure to do so invalidates his sentence and requires his immediate release from prison.

We have affirmed the District Court's denial of eleven of these petitions. See Belt v. President U.S., 582 F. App'x 91 (3d Cir. 2014) (addressing C.A. No. 14-3095); Voelzke v. President U.S., 582 F. App'x 89 (3d Cir. 2014) (addressing C.A. Nos. 14-3310, 14-3327 & 14-3329); Hendricks v. President U.S., 575 F. App'x 19 (3d Cir. 2014) (addressing C.A. Nos. 14-2702 through 14-2708). Saunders's petition is substantively identical to the seven petitions we addressed in Hendricks (though it lacks the additional claim we addressed in Belt and Voelzke), but it comes to us in a different posture.

Saunders initially purported to appeal from the Magistrate Judge's recommendation that the District Court dismiss his petition, and that appeal is docketed at C.A. No. 14-2822. Saunders later filed a supplemental notice of appeal after the District Court adopted the Magistrate Judge's recommendation, and that appeal is docketed at C.A. No. 14-4159. We consolidated these appeals and stayed them pending the District

2

Court's consideration of Saunders's motion for reconsideration, which the District Court has since denied. These appeals are now ripe for disposition.[1]

We will affirm for the same reason we affirmed in Hendricks. In brief, Saunders is not challenging the execution of his sentence and is instead seeking immediate release from prison on the ground that his sentence is illegal. As we explained in Hendricks, Saunders is required to raise his challenge under 28 U.S.C. § 2255 in his sentencing court because a § 2255 motion is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Hendricks, 575 F. App'x at 20 (citing United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013), and Furnari v. U.S. Parole Comm'n, 531 F.3d 241, 254 (3d Cir. 2008)). We note that Saunders has raised numerous other challenges in his sentencing court at D. Md. Crim. No. 8-03-cr-00484-002, some of which remain pending and some of which raise arguments similar to those presented here. We of course express no opinion on the merits of these challenges.

_____

[1] Saunders's appeal at C.A. No. 14-2822 from the Magistrate Judge's recommendation was improper because a Magistrate Judge's recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) is not an appealable decision. See Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998). We have not addressed in a precedential opinion whether a purported appeal from a Magistrate Judge's recommendation ripens, when the District Court adopts the recommendation, into an appeal from the District Court's final order. Compare, e.g., Perez-Priego v. Alachua Cnty. Clerk of Ct., 148 F.3d 1272, 1273 (11th Cir. 1998) (per curiam) (holding that it does not), with Cape May Greene, Inc. v. Warren, 698 F.2d 179, 185 (3d Cir. 1983) (addressing premature notices in other contexts). We need not consider the issue in this case because Saunders has since appealed from the District Court's final order. A certificate of appealability is not required to appeal the denial of a § 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009), and we thus have jurisdiction under 28 U.S.C. § 1291.

For these reasons, we will affirm the judgment of the District Court. Appellees'

motion for summary action is granted, <u>see</u> 3d Cir. LAR 27.4 (2010); 3d Cir. I.O.P. Ch.

10.6, and Saunders's pending motions are denied.[2]

---

[2] Like the appellants in the related appeals noted above, Saunders has filed numerous motions seeking relief in this Court, including a motion for release from prison on bail pending appeal and a motion seeking a default judgment. These motions lack merit for reasons that do not require discussion. We separately note only that Saunders has filed a motion challenging the Clerk's Order consolidating these appeals, but consolidation was proper and has had no effect on Saunders's substantive rights as he appears to believe.